UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KHALFANI MALIK KHALDUN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 1:09-cv-350-SEB-TAB |
| ) | |
| DIANA DAUGHTERY, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Motion for Summary Judgment**

For the reasons explained in this Entry, the defendants' motion for summary judgment must be **granted**

**Discussion**

Khalfani Malik Khaldun ("Khaldun") is confined at the Wabash Valley Correctional Facility ("Wabash Valley"), a prison operated by the Indiana Department of Correction. He alleges in this action brought pursuant to 42 U.S.C. § 1983 that he was denied his right to practice his religious beliefs through a cell placement at Wabash Valley on August 3, 2006, and June 12, 2007. The defendants seek resolution of the action through the entry of summary judgment.[1]

---

[1] The motion for summary judgment, as with any such motion, must be granted if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." *Scott v. Edinburg,* 346 F.3d 752, 755 (7th Cir. 2003) (quoting **FED.R.CIV.P.** 56(c) and citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007).
    The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. *See Harney v. Speedway SuperAmerica, LLC,* 526 F.3d 1099, 1104 (7th Cir. 2008) (citing cases). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." FED. R. CIV. P. 56(e)(2). By not responding

The undisputed evidentiary record in this civil rights action shows that there is no genuine dispute as to any material issue of fact and that the defendants are entitled to judgment as a matter of law. In particular, Khaldun's act of going on a hunger strike was not protected activity under the First Amendment and the response of the defendants and other prison officials by increasing the monitoring of Khaldun during this time was reasonable under the circumstances. In addition, his claim that he was denied his right to religious freedom because of retaliation by the defendants cannot be maintained here, because there is no evidence that the protected activity was a motivating factor in the state actor's decision to take adverse action. *Hasan v. U.S. Dept. of Labor*, 400 F.3d 1001, 1005 (7th Cir. 2005); *Anderson v. Davila*, 125 F.3d 148, 160 (3d Cir. 1997) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274 (1977)). To defeat the defendants' motion for summary judgment as to this claim, Khaldun must produce evidence that would establish that his protected activity was a substantial or motivating factor in the defendants' challenged actions. *Fairley v. Andrews,* 578 F.3d 518, 525-26 (7th Cir. 2009) (explaining that, after *Gross v. FBL Fin. Servs., Inc.,* 129 S. Ct. 2343, 2350 (2009), "unless a statute (such as the Civil Rights Act of 1991) provides otherwise, demonstrating but-for causation is part of the plaintiff's burden in all suits under federal law"); *see also Waters v. City of Chicago,* 580 F.3d 575, 584 (7th Cir. 2009)(same). In *Hasan,* for example, a prisoner filed a grievance against a guard, and after the accusation was found to be groundless, the prisoner was punished for "lying about staff." The retaliation claim was rejected because the prisoner was punished for making false accusations, not for his exercise of a First Amendment right. Khaldun has not shown that his submission of grievances was the "but for" cause of any of the defendants' conduct toward or decisions affecting him. On the contrary, claims such as those presented in this case must be considered in light of the special environment of a prison, where administrators "must be accorded wide-ranging deference in the . . . execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Pardo v. Hosier*, 946 F.2d 1278, 1280-81 (7th Cir. 1991) (internal quotations omitted). Khaldun was placed in a monitored cell in August 2006 because of his concern of staff misbehavior, and was again placed in a monitored cell on June 12, 2007, because of his hunger strike. The element of causation is negated where the allegedly retaliatory action would have happened regardless of the defendant's motives. *Mt. Healthy City School District Board of Educ. v. Doyle,* 429 U.S. 274 (1976). The Seventh Circuit has explained "that even if a defendant was 'brimming over with unconstitutional wrath' against a § 1983 plaintiff, that plaintiff cannot prevail unless he or she establishes that the challenged action would not have occurred 'but for' the constitutionally protected conduct." *Abrams v. Walker,* 307 F.3d 650, 654 (7th Cir. 2002) (citing *Button v. Harden,* 814 F.2d 382, 383 (7th Cir. 1987)). The necessary element of causation is entirely absent as to Khaldun's claim of retaliation, and the defendants are entitled to the entry of summary judgment as to such claim.

---

to the motion for summary judgment, Khaldun has conceded the defendants' version of the facts. *Brasic v. Heinemann's Inc.,* 121 F.3d 281, 286 (7th Cir. 1997). This is the result of Local Rule 56.1(h), of which the plaintiff was notified. This does not alter the standard for assessing a Rule 56(c) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government." *Turner v. Safley,* 482 U.S. 78, 84-85 (1987). Nonetheless, "prison walls do not form a barrier separating prison inmates from the protections of the Constitution." *Id.* at 84. Although "'federal courts must take cognizance of the valid constitutional claims of prison inmates,'" *Babcock v. White,* 102 F.3d 267, 275 (7th Cir. 1996) (quoting *Turner,* 482 U.S. at 84), no viable claim of that nature has been presented by Khaldun in this case. It has been explained that "summary judgment serves as the ultimate screen to weed out truly insubstantial lawsuits prior to trial." *Crawford-El v. Britton,* 118 S. Ct. 1584, 1598 (1998). The motion for summary judgment is **granted,** and judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  12/17/2009

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana